UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARYLIN RENEE FOX, | ) | NO. EDCV 09-01138 SS |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM DECISION AND ORDER** |
| MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration, | ) | |
| Defendant. | ) | |

**INTRODUCTION**

Plaintiff Marylin Renee Fox ("Plaintiff") brings this action seeking to reverse the decision of the Commissioner of the Social Security Administration (the "Commissioner" or the "Agency") denying her application for Disability Insurance Benefits ("DIB").  The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge.  For the reasons stated below, the decision of the Agency is REVERSED and REMANDED for further proceedings.

**PROCEDURAL HISTORY**

On September 11, 2006, Plaintiff filed an application for Disability Insurance Benefits ("DIB") claiming that she became disabled on September 30, 2005. (Administrative Record ("AR") 98-100). The Agency denied her application and she submitted a request for reconsideration on March 12, 2007. (AR 47-54). The Agency denied her application again on June 21, 2007. (AR 52-56). Plaintiff then requested a hearing, which was held before Administrative Law Judge Jay E. Levine (the "ALJ") on November 19, 2008. (AR 57, 18-44). Plaintiff appeared with counsel and testified. (AR 20-38). On March 25, 2009, the ALJ issued a decision denying benefits. (AR 7-16). Plaintiff sought review before the Appeals Council, which denied the request on April 20, 2009. (AR 3-6). On June 16, 2009, Plaintiff filed the instant action. Pursuant to the Court's Case Management Order, the parties filed a Joint Stipulation ("Jt. Stip.") on January 13, 2010.

**THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS**

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents him from engaging in substantial gainful activity[1] and that is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant

---

[1] Substantial gainful activity means work that involves doing significant and productive physical or mental duties and is done for pay or profit. 20 C.F.R. § 416.910.

2

incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. § 416.920. The steps are:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

(2) Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.

(3) Does the claimant's impairment meet or equal the requirements of any impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four.

(4) Is the claimant capable of performing his past work? If so, the claimant is found not disabled. If not, proceed to step five.

(5) Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled.

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001); 20 C.F.R. § 416.920(b)-(g)(1).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54. If, at step four, the claimant meets his burden of establishing an inability to perform the past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity ("RFC"),[2] age, education and work experience. Tackett, 180 F.3d at 1100; 20 C.F.R. § 416.920(g)(1). The Commissioner may do so by the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids"). Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001). When a claimant has both exertional (strength-related) and nonexertional limitations, the Grids are inapplicable and the ALJ must take the testimony of a vocational expert. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

**THE ALJ'S DECISION**

The ALJ employed the five-step sequential evaluation process. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful employment since July 2, 2005. (AR 12). At step two, the ALJ found that Plaintiff had the severe impairment of chronic pulmonary heart disease. (Id.). The ALJ explained that Plaintiff's condition of chronic pulmonary heart disease qualified as a severe impairment because it was "a medically determinable impairment that ha[d] lasted more than

---

[2] Residual functional capacity is "the most [one] can still do despite [his] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. § 416.945(a).

twelve months and cause[d] more than a slight limitation of [Plaintiff's] physical or mental ability to do basic work activities." (Id.).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the requirements of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 12). The ALJ explained that "[n]o physician ha[d] opined that [Plaintiff's] condition meets or equals any listing, and the State agency physicians ha[d] opined that it does not." (AR 13). At step four, the ALJ determined that Plaintiff retained a physical RFC "to perform the full range of sedentary work as defined in 20 CFR 404.1567(a) except no work around unprotected heights or dangerous machinery, and requires a clean air environment and no temperature extremes." (Id.).

At step five, the ALJ found that based on Plaintiff's age, educational background, work experience, and RFC, "[Plaintiff] had acquired work skills from past relevant work that were transferable to other occupations with jobs existing in significant numbers in the national economy." (AR 15). Specifically, the ALJ found that Plaintiff could perform the jobs of appointment clerk and receptionist. (AR 16). Accordingly, the ALJ found that Plaintiff was not disabled. (Id.).

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The court may set aside the

Commissioner's decision when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, the court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland, 257 F.3d at 1035 (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing that conclusion, the court may not substitute its judgment for that of the Commissioner. Reddick, 157 F.3d at 720-21.

**DISCUSSION**

Plaintiff contends that the ALJ erred for three reasons. First, Plaintiff argues that the ALJ failed to properly consider the opinion of treating physician Dr. Walt Combs, M.D. ("Dr. Combs"). (Jt. Stip. at 3-5). Second, Plaintiff argues that the ALJ erred by failing to find that her hand impairment was severe. (Id. at 9-10). Third, Plaintiff argues that the ALJ failed to properly consider her testimony about subjective symptoms. (Id. at 14-17). For the reasons discussed below, the Court finds that the ALJ's decision should be reversed and this action remanded for further proceedings.

**A.   The ALJ Failed To Provide Specific And Legitimate Reasons To Reject The Treating Physician's Opinion**

Plaintiff's first claim is that the ALJ failed to properly consider the opinion of Dr. Combs. (Jt. Stip. at 3-5). Specifically, Plaintiff argues that "[t]he ALJ never addresse[d] the weight given to [Dr. Combs's] opinion." (Id. at 3). Plaintiff further argues that "[b]ecause the ALJ failed to address the weight given to this opinion, it should be fully credited." (Id. at 4).

Where a treating physician's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir., as amended Apr. 9, 1996). Even if the treating physician's opinion is contradicted by another doctor, the ALJ may not reject this opinion without providing specific, legitimate reasons, supported by substantial evidence in the record. Id. The opinions of treating physicians are entitled to special weight because the treating physician is hired to cure and has a better opportunity to know and observe the claimant as an individual. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989).

Here, Dr. Combs treated Plaintiff "each year since 1989" and provided an opinion about Plaintiff's RFC. (AR 231-35). Dr. Combs diagnosed Plaintiff with a ventricular septal defect and Eisenmenger's Syndrome. (AR 231). Dr. Combs opined that Plaintiff was not a malingerer and that pain or other symptoms would interfere with her attention and concentration six to thirty-three percent of an eight-hour work day. (AR 232). Dr. Combs opined that Plaintiff was capable of

7

performing only low stress jobs due to her fatigue and stress. (Id.). Dr. Combs opined that Plaintiff could sit and or stand more than two hours at a time and at least six hours in an eight-hour work day. (AR 232-33). Dr. Combs opined that Plaintiff would need unscheduled breaks every two hours for fifteen minutes each. (AR 233). Dr. Combs noted that Plaintiff had "significant limitations with reaching, handling or fingering." (AR 234). Dr. Combs opined that Plaintiff could occasionally lift ten pounds, stoop, and crouch. (AR 233-34). Dr. Combs opined that Plaintiff could rarely climb ladders and stairs. (AR 234). Dr. Combs opined that Plaintiff was likely to be absent from work about two days per month because of her impairments or treatment. (Id.). Finally, Dr. Combs noted that Plaintiff's symptoms and limitations date back to 2003. (AR 235).

The ALJ summarized Dr. Combs's findings and recognized him as a "treating physician," but did not state whether he was crediting or rejecting Dr. Combs's opinion. (AR 14). To the extent the ALJ rejected Dr. Combs's opinion, he failed to provide specific and legitimate reasons for doing so. To the extent the ALJ credited Dr. Combs's opinion, he failed to incorporate the limitations provided by Dr. Combs into the RFC determination. See Celaya v. Halter, 332 F.3d 1177, 1182 (9th Cir. 2003) ("[I]n assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" (quoting SSR 96-8p)).

Remand for further proceedings is appropriate where additional proceedings could remedy defects in the Commissioner's decision. See Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir. 2000); Kail v. Heckler,

722 F.2d 1496, 1497 (9th Cir. 1984). Because the ALJ failed to provide specific and legitimate reasons for rejecting the treating physician's opinion, or, instead, to fully credit the opinion, the case must be remanded to remedy this defect. Upon remand, the ALJ must either provide specific and legitimate reasons to reject Dr. Combs's opinion or incorporate the limitations provided by Dr. Combs into the RFC determination.

**B.   The ALJ Erred At Step Two By Not Finding Plaintiff's Hand Impairment To Be A Severe Impairment**

Plaintiff's second claim is that the ALJ erred by failing to find that her hand impairment was severe. (Jt. Stip. at 9-10). Specifically, Plaintiff argues that "[t]he medical records support a hand impairment" and that "[t]he ALJ provide[d] no rationale concerning carpal tunnel syndrome as a severe impairment." (Id. at 9). Plaintiff further argues that "[t]he ALJ's omission is important because depending on the hand impairment found, [Plaintiff] might [have] be[en] found disabled." (Id. at 10).

By its own terms, the evaluation at step two is a de minimis test intended to weed out the most minor of impairments. See Bowen v. Yuckert, 482 U.S. 137, 153-54, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Edlund v. Massanari, 253 F.3d 1152, 1158 (9th Cir. 2001) (quoting Smolen, 80 F.3d at 1290) (stating that the step two inquiry is a de minimis screening device to dispose of groundless claims). An impairment is not severe only if the evidence establishes "a slight abnormality that has no more than a minimal effect on an individual['s]

9

ability to work." Smolen, 80 F.3d at 1290 (internal quotations marks omitted).

Here, the medical records show that Plaintiff had been treated for "clubbing of the fingers," (AR 149), and "[m]ild atrophy in the right [hand]." (AR 222). Dr. Combs reported that Plaintiff had "pain in her thumbs . . . for many years" that would "not seem to go away." (AR 224). Dr. Combs explained that the pain "gets worse at times," that Plaintiff had "significant pain at the base of her thumbs," and that "sometimes her whole hand aches tremendously." (Id.). Plaintiff was diagnosed with "[p]ossible bilateral carpal tunnel syndrome that is worse on the right side," (AR 222), and Dr. Combs concluded that Plaintiff had "significant limitations with reaching, handling or fingering." (AR 234). Plaintiff was recommended to use "[w]rist splints" and to avoid using "her hands and wrists excessively." (AR 222).

As described above, significant medical evidence existed to demonstrate that Plaintiff's hand was impaired. The ALJ, however, applied more than a de minimis test when he determined that Plaintiff's hand impairment was not severe. (AR 12). Indeed, the ALJ failed to even address Plaintiff's hand impairment. (Id.). Because the ALJ erred at step two by not finding Plaintiff's hand impairment to be severe, the case must be remanded to remedy this defect. Upon remand, the ALJ must incorporate the limitations from Plaintiff's severe hand impairment into the RFC determination.

\\

10

**C.   The ALJ Failed To Provide Clear And Convincing Reasons To Reject Plaintiff's Subjective Testimony**

Plaintiff's third claim is that the ALJ failed to properly consider her testimony about subjective symptoms. (Jt. Stip. at 14-17). Specifically, Plaintiff argues that the ALJ improperly discounted her testimony by relying on Dr. Combs's opinion and the fact that she is able to provide for her own care. (Id. at 15-16). Plaintiff further argues that "[b]ased upon her credited testimony, [she] should be found disabled because she is incapable of any full time work." (Id. at 15).

To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." Lingenfelter v. Astrue, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal quotation marks omitted). The claimant, however, "need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." Id. (internal quotation marks omitted). Second, if the claimant meets this first test, and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1281.

Here, the ALJ determined that Plaintiff's "medically determinable impairment could reasonably be expected to cause the alleged symptoms"

but that "[Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms [were] not credible to the extent they [we]re inconsistent with the [ALJ's] residual functional capacity assessment." (AR 14). The ALJ provided two reasons for rejecting Plaintiff's subjective symptom testimony. (Id.). First, the ALJ relied on the fact that "Dr. Combs indicated [Plaintiff] was capable of sedentary level activities since 2003." (Id.). The ALJ cites to Dr. Combs's residual functional capacity questionnaire, (id.), however, Dr. Combs does not expressly find Plaintiff capable of sedentary level work anywhere in the questionnaire. (AR 231-35). Dr. Combs did find that Plaintiff had significant functional limitations such as needing to take unscheduled breaks every two hours for fifteen minutes, having significant limitations with reaching, handling, or fingering, and being likely to miss about two days of work per month. (AR 233-34). Moreover, even if Dr. Combs's questionnaire did not support the extent of Plaintiff's subjective symptom testimony, this fact, by itself, would not be sufficient for the ALJ to reject Plaintiff's testimony. See Lester, 81 F.3d at 834 ("Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence.").

Second, the ALJ relied on the fact that "[Plaintiff] did not allege an inability to provide her own care." (AR 14). However, the ALJ's claim about Plaintiff's testimony is too vague and conclusory. If the ALJ believes that Plaintiff's degree and type of daily activities undermine her subjective symptom testimony, the ALJ must provide specific examples. Moreover, the Ninth Circuit has explained that

"[t]he Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits . . . and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989).

Because the ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony, the case must be remanded to remedy this defect. Upon remand, the ALJ must provide clear and convincing reasons before rejecting Plaintiff's testimony.

## CONCLUSION

Consistent with the foregoing, IT IS ORDERED that judgment be entered REVERSING the decision of the Commissioner and REMANDING this matter for further proceedings consistent with this decision. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: March 19, 2010

\_\_\_\_/S/_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE